**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4510**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DUANE MICHAEL SCHOULTZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  William W. Wilkins, Senior Circuit Judge, sitting by designation.  (8:07-cr-01472-GRA-1)

Submitted:  March 31, 2009          Decided:  August 12, 2009

Before TRAXLER, Chief Judge, DUNCAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. W. Walter Wilkins, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Michael Schoultz pled guilty to one count of armed robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006), and one count of possession of a firearm in relation to a violent felony, in violation of 18 U.S.C. § 924(c)(1)(a) (2006). He received a forty-one month sentence for armed robbery and a 120-month sentence for the firearm offense to be served consecutively, an upward variance of thirty-six months above the high end of the advisory Sentencing Guidelines range. On appeal, Schoultz argues that his sentence is unreasonable because the Guidelines range adequately reflected the offense conduct and the district court did not sufficiently explain its reasons for imposing a variance sentence on the firearm count. Finding no error, we affirm.

A presentence report (PSR) was prepared by the probation officer. For the bank robbery count, the base offense level was 20, plus a two-level enhancement for robbery of a financial institution, yielding an adjusted offense level of 22. After a three-level decrease for acceptance of responsibility, the total offense level was 19. Schoultz's criminal history category was II. The advisory Guidelines range was 33-41 months for the armed robbery and a consecutive mandatory minimum 84-month sentence on the firearm count. Therefore the total

advisory Guidelines range was 117-125 months. Schoultz did not object to the PSR.

The district court notified Schoultz that it was considering an upward variance "on the basis of one of the primary factors of [18 U.S.C. §] 3553(a) [(2006)], and that is deterrence, general and specific." At the hearing, the court found that there was a need for general deterrence in the community so that community members knew that entering a bank with a loaded pistol and threatening the lives of others would result in a serious punishment. The court continued that there was a need for the specific deterrence of preventing Schoultz from using drugs and committing a similar crime. The court imposed a sentence of 41 months on the robbery count and 120 months on the firearm count, for a total term of 161 months of imprisonment.

Following United States v. Booker, 543 U.S. 220 (2005), a district court must engage in a multi-step process at sentencing. First, it must calculate the appropriate advisory Guidelines range. It must then consider the resulting range in conjunction with the factors set forth in § 3553(a) and determine an appropriate sentence. United States v. Abu Ali, 528 F.3d 210, 259-60 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009). Appellate review of a district court's imposition of a sentence is for abuse of discretion. Gall v. United

3

States, 128 S. Ct. 586, 597 (2007); see also United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).  The appellate court must first ensure that the district court committed no procedural error, such as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range."  Gall, 128 S. Ct. at 597.  While the "individualized [sentencing] assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit 'meaningful appellate review.'"  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (quoting Gall, 128 S. Ct. at 597).

If there are no procedural errors, the appellate court then considers the substantive reasonableness of the sentence. Id.  "Substantive reasonableness review entails taking into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'"  Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597).  While the court may presume a sentence within the Guidelines range to be reasonable, it may not presume a sentence outside the range to be unreasonable.  Id.  Moreover, it "'must give due deference to

4

the district court's decision that the § 3553(a) factors'" justify imposing a variant sentence and to its determination regarding the extent of any variance. Id. at 473-74. Even if [the reviewing court] would have reached a different sentencing result on [its] own, this fact alone is 'insufficient to justify reversal of the district court.'" Id. at 474.

The district court heard testimony that, during the bank robbery, Schoultz brandished a handgun, told the occupants of the bank to get down on the floor, grabbed a bank employee and pushed her down to the floor, pointed the gun at the teller and told her, "I'm not playing. I'll blow your head off." (J.A. 10). The court noted the need for specific and general deterrence. See United States v. Phinazee, 515 F.3d 511, 515-16 (6th Cir.) (noting that both specific and general deterrence are proper sentencing considerations), cert. denied, 129 S. Ct. 612 (2008). The court stated that it "calculated and considered the advisory Sentencing Guidelines, and . . . also considered the relevant and statutory sentencing factors contained in 18 U.S.C. [§] 3553(a)" in determining the sentence. We conclude that the sentence imposed is reasonable and that the district court did not abuse its discretion in imposing the sentence.

Accordingly, we affirm Schoultz's sentence. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>